UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA,
ex rel. ADVANCE CONCRETE, LLC,

      Plaintiff,

v.                           2:12cv198

THR ENTERPRISES, Inc., et al.,

      Defendants.

## REPORT AND RECOMMENDATION

This matter comes before the Court on Defendants', THR Enterprises ("THR") and Hanover Insurance Company ("Hanover") (collectively, "Defendants") Motion to Dismiss or Alternatively Require More Definite Statement and/or Stay the Action. (ECF Nos. 5, 6,7). The motions were referred to the undersigned for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b). (ECF No. 13). For the reasons set forth below, the undersigned recommends the Court GRANT in part and DENY in part Defendants' Motion to Dismiss, allowing the contract claim as pled, but dismissing the quantum meruit claim and Plaintiff's claim for attorney's fees; DENY Defendants' Motion for More Definite Statement; and DENY Defendants' Motion to Stay.

1

A.   <u>Factual and Procedural History</u>

On July 26, 2010, THR contracted with the United States, NAVFAC Mid-Atlantic, to complete the VSTOL Power Check Pad overhaul at the Marine Corps Air Station in Cherry Point, North Carolina ("the Prime Contract").  (ECF Nos. 1 at 2; 1-1).  As required by 40 U.S.C. §3131, THR secured a construction payment bond through Hanover in order to assure payment of subcontractors and labor.  (ECF No. 1-2).

On October 11, 2010, THR sub-contracted a portion of the work to Advance for labor and materials totaling $547,475.00 ("the Subcontract").  (EFC No. 1-3).  Advance began work on the project, and asserts that it timely performed despite delays and extra work requested by THR.  (ECF No. 1 at 3).  Advance submitted several invoices to THR, however, Advance claims THR has refused to pay the entire balance due, which it claims is in excess of $388,000.00 still owed to Advance for work already performed.  (ECF Nos. 1 at 3; 1-4).  Advance asserts that its damages are increasing each month as it continues to work on the project, and THR continues to withhold payment.  (ECF No. 1 at 4).  It further claims that THR has received payment from the United States for Advance's work, and therefore has accepted that the work conforms to the requirements of the subcontract. (ECF No. 1 at 4).

2

Advance's Complaint ("the Complaint") asserts breach of contract and unjust enrichment claims against THR, and a claim against Hanover for a violation of 40 U.S.C. §3133 et seq. ("the Miller Act"). (ECF No. 1 at 5-7). With respect to THR, Advance argues that THR breached its contract by failing to pay Advance "an amount to be determined and currently in excess of $388,379.64." Id. at 5. As an alternative to the breach of contract claim, Advance argues that if it is not awarded damages under the contract, it should recover from THR the fair market value of the labor, materials, and equipment furnished by Advance under a theory of quantum meruit. Id. at 6.

With respect to Hanover, Advance asserts that Hanover is jointly and severally liable with THR for the amount owed. Id. at 7. Advance has alleged conditions precedent for a suit against the bond, claiming that ninety days have passed since THR failed to pay, and the Complaint was filed within one year from the date Advance last furnished labor, material, or equipment. Therefore, it argues that under the Miller Act its claim against the payment bond has accrued, and all conditions precedent have occurred. Id.

Advance attached to its Complaint the Prime Contract, Performance Bond, Subcontract, and invoices. (ECF Nos. 1-1, 1-2, 1-3, 1-4). In response to Defendants motions Advance also

3

submitted a March 7, 2012 letter from Advance to THR requesting payment or demanding mediation. (ECF Nos. 10, 10-1). Defendants replied. At the Defendants' request, the Court heard oral argument, the matter is now ripe for judicial review.

B.    **Standard of Review**

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A pleading fails to meet this standard and is subject to dismissal under Rule 12(b)(6) when it does not "contain sufficient factual matter, accepted as true, 'to state a claim that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949.

"Factual allegations must be enough to raise a right to relief above the speculative level" and beyond the level that is merely conceivable. Twombly, 550 U.S. at 570; Iqbal, 129 S. Ct. at 1951. Legal conclusions and "threadbare recitals of the elements of a cause of action" do not state a claim. Iqbal, 129 S.Ct. at 1049.

4

The Supreme Court has described the motion to dismiss analysis in two parts.  First, the Court must accept the allegations of fact as true.  Id. at 1949-50.  However, a court is not required "to accept as true a legal conclusion couched as a factual allegation," Papasan v. Allain, 478 U.S. 265, 286 (1986), or a legal conclusion unsupported by factual allegations, Iqbal, 129 S. Ct. at 1951.  After reviewing the allegations, the Court must consider whether they are sufficient to state a plausible claim for relief – "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

C.   Analysis

To state a claim for breach of contract in Virginia Plaintiffs must assert (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation of that obligation; and (3) injury or damage to the plaintiff caused by the breach of that obligation. Filak v. George, 594 S.E.2d 610, 614 (Va.2004).

There is no dispute that the Complaint plausibly alleges Advance and THR contracted for the work at the Marine Corps Air Station, and that Advance has failed to receive some payment presently due.  THR primarily argues that certain change orders requested by Advance were not approved, and therefore because

5

certain conditions precedent to recover for these amounts were not met, Advance's entire claim is not ripe and not plausibly pled. (Mem. Supp. Def. Mot. Dismiss, ECF No. 8 at 4-12).

In reviewing the payment requests attached to the Complaint, Advance claims $330,641.34 in approved changes in excess of the original contract amount. (Compl. Ex. 4, ECF No. 1-4 at 14). Nothing about these requests or the allegation is conclusory or unclear. The documents contain an itemized list of the extra work claimed with each change order referred to by number. THR's argument that Advance did not receive approval, or meet conditions precedent for some of this additional work must be resolved at trial or in discovery, and does not render Advance's claim deficient under Iqbal. See Three Rivers Landing of Gulfport, LP v. Three Rivers Landing, LLC, 7:11-CV-00025, 2012 WL 1598130 (W.D. Va. May 4, 2012) ("[A] motion to dismiss is not the proper vehicle to dispute Plaintiffs' alleged damages. At the motion to dismiss stage, the Plaintiffs are only required to state a plausible basis for relief, after the Court accepts the Plaintiffs' allegations as true….") (citing Iqbal, 129 S.Ct. at 1949-51).

A dispute over the amount owed on a contract claim is ordinarily an issue for trial or possibly summary judgment. Advance has stated a plausible claim for relief under the

6

contract. At this stage of the proceedings, Advance has sufficiently alleged that it performed work under a contract with THR for which it did not receive payment. This applies to both the claim against THR under the contract as well as the claim against Hanover under the payment bond. Accordingly, the undersigned recommends that that court DENY Defendants' Motion to Dismiss Plaintiff's contract claim.

Similarly, the undersigned finds that Advance has adequately detailed the allegations in its Complaint. "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e). However, "motions for more definite statements under Rule 12(e) are intended for situations where pleadings are so unclear that drafting a response to them is practically impossible. As a disfavored remedy, motions for a more definite statement should only be granted were the pleading is unintelligible or the meaning is unclear." The Collection, LLC v. Valley Bank, 4:09CV00007, 2009 WL 2357145 (W.D. Va. July 31, 2009).

Advance's Complaint, and the documents attached and incorporated by reference, adequately inform THR of the nature and particulars of its claim. Although THR complains that

7

certain change orders encompassed in the claim were not approved, the information presented in the Complaint and attachments is more than adequate notice of Advance's claims. Disputes regarding the amount THR owes Advance are the subject of discovery, not a Motion for a more definite statement. <u>Id.</u> ("Rule 12(e) motions are not a substitute for discovery, and ordinarily will not be granted where the information sought could be obtained in discovery."). Accordingly, the undersigned recommends the Court DENY Defendants' Motion for a More Definite Statement.

With respect to Defendants' Motion to Stay, THR argues that proceedings be stayed until the conditions precedent have been met. (ECF No. 8 at 14-15). "A Motion to Stay Proceedings is not expressly provided for by the Federal Rules or by statute, although a district court has the inherent discretion to recognize such a motion under its general equity powers." <u>Aventis Pharma Deutschland GMBH v. Lupin Ltd.</u>, 403 F. Supp. 2d 484 (E.D. Va. 2005). "[T]he applicant for a stay must make out a clear case of hardship or inequity in being required to go forward.... Otherwise, a stay is not merited." <u>Id.</u> (citations omitted).

THR argues that matter should be stayed because the parties must undergo alternative dispute resolution and that Advance's

8

"pass-through" claims are required to be presented to THR for approval by the Government under the contract. (ECF No. 8 at 14-15). At the hearing counsel for THR argued that the high cost of discovery presents a hardship sufficient to warrant a stay. Advance asserts that it has requested alternative dispute resolution several times, specifically in the March 2012 letter, but received no response from THR. (ECF Nos. 10 at 6; 10-1). Furthermore, Advance alleges that it has satisfied all conditions precedent. (ECF Nos. 1 at 5). Based on Advance's proffer that it either has satisfied all conditions precedent as required by the contract, or that further attempts to do so would be futile, the undersigned recommends the Court DENY Defendants' Motion to Stay without prejudice, and DIRECT Defendants' to Answer.[1]

In addition to its breach of contract claim, Advance also alternatively pled recovery for quantum meruit and unjust enrichment "to the extent the Court would find that the Subcontract or any part thereof is invalid or that work performed by Advance fell outside the scope of the Subcontract." (ECF No. 1 at 6).

"It is a 'well settled' rule that 'one cannot obtain

---

[1] The undersigned notes that THR's motions practice has already delayed discovery for a period of three months, during which the parties could have pursued mediation if THR were sincerely interested in an alternative forum.

quantum meruit relief from another if he has expressly delineated the contractual obligations the two will have on the subject matter in question.'" Pennsylvania Elec. Coil, Ltd. v. City of Danville, 4:06CV00080, 2008 WL 919535 (W.D. Va. Apr. 4, 2008) aff'd, Pennsylvania Elec. Coil, Ltd. v. City Of Danville, 329 F. App'x 399 (4th Cir. 2009) (citing Raymond, Colesar, Glaspy & Huss, P.C. v. Allied Capital Corp., 961 F.2d 489, 491 (4th Cir.1992)).

In this case, there is no dispute that Advance's work, though disputed, is governed by the terms of the contract. At the hearing counsel for Advance proffered that all of the work performed was related to the same project to complete the VSTOL Power Check Pad overhaul at the Marine Corps Air Station in Cherry Point. Furthermore, Advance is seeking damages under the terms of the contract. The disputed work does not "fall sufficiently outside of the contract" as required for quantum meruit relief. Id.; See also Forest City Commercial Dev., Inc. v. Agere Sys. Inc., 3:08CV328, 2010 WL 2245499 (E.D. Va. June 1, 2010) (Quantum meruit claim was proper when Plaintiff had obligations that were in addition the obligations under the agreements, such as those under federal and state environmental laws).

Because all of the disputed work relates to work that

Advance performed pursuant to the Contract, and it is seeking damages under that contract, it cannot avoid the change order provisions of the contract by alleging that unauthorized work it performed is compensable under a theory of quantum meruit. See Artistic Stone Crafters v. Safeco Ins. Co., 726 F. Supp. 2d 595, 604 (E.D. Va. 2010) (citing Perry Eng'g Co., Inc. v. AT & T Comm., Inc., No. 90-0153, 1992 WL 201944, at *4 (W.D.Va.1992) (denying quantum meruit claim for costs not included in written change order)). Accordingly, the undersigned recommends that the Court GRANT Defendants' Motion to Dismiss with respect to Advance's quantum meruit claim.

Finally, THR asserts that Advance's claim for attorney's fees should be dismissed. It argues that Virginia's prohibition on recovery for attorney's fees absent statute or a contractual provision precludes Advance from recovering. (ECF No. 8 at 11). Virginia adheres to the "American Rule" under which "attorneys' fees are not recoverable by a prevailing litigant in the absence of a specific contractual or statutory provision to the contrary." Lannon v. Lee Conner Realty Corp., 238 Va. 590, 594, 385 S.E.2d 380, 383 (1989).

In this case the subcontract is not silent on the issue of attorney's fees. It requires the subcontractor to pay the contractor's attorney's fees should it "become involved in

11

litigation relating to any part of the work performed or to be performed by the subcontractor." (ECF No. 1-3 at 7). In its Opposition to Defendants' Motion, Advance again requests attorney's fees, but does not challenge THR's assertion that Advance, as the subcontractor, is not entitled to recover the fees, nor does it set forth its own argument or direct the Court to language in the Contract which would support its request. (ECF No. 10 at 18).

Therefore, based on the language of the subcontract, which is incorporated in the Complaint, Advance has not plausibly alleged any basis to recover attorney's fees. Accordingly, the undersigned recommends that the Court GRANT Defendants' Motion to Dismiss Plaintiff's claim for attorney's fees.

D.   **Conclusion**

Based on the reasons stated above, the undersigned recommends the Court GRANT in part and DENY in part Defendants' Motion to Dismiss (ECF No. 5), allowing the contract claim as pled, but dismissing the quantum meruit claim, and Plaintiff's claim for attorney's fees; DENY Defendants' Motion for More Definite Statement (ECF No. 6); and DENY Defendants' Motion to Stay (ECF No. 7).

12

## REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.    Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure.    A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2.    A district judge shall make a _de novo_ determination of those portions of this report  or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of the right to appeal from a judgment of this Court based on such findings and recommendations.    Thomas v. Arn, 474 U.S. 140 (1985); Carr v.

Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

July 18, 2012

14

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

Paul Todd Sartwell
Dickerson & Smith Law Group
115 S Lynnhaven Rd
Virginia Beach, VA 23452

Neil Samuel Lowenstein
Vandeventer Black LLP
500 World Trade Ctr
Norfolk, VA 23510

Fernando Galindo, Clerk

By _____
Deputy Clerk

_____ July 18 _____, 2012

15